IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Criminal Case No. 08–cr–00074–EWN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JOVON MELVIN LEE SMITH,
      a/k/a "Yuk,"

    Defendant.

---

**MEMORANDUM OF SENTENCING HEARING AND
REPORT OF STATEMENT OF REASONS**

---

      Counsel for the Government, defense counsel, and defendant were present for the sentencing hearing. Based on that hearing, the report concerning pre-sentence investigation of defendant (hereinafter, the "PSR"), all other materials submitted to the court during or in connection with the sentencing hearing, and all materials in the court's file, the court enters the following findings, conclusions, and orders:

      1.  Pursuant to rule 32(b)(6) and (c)(3) of the Federal Rules of Criminal Procedure, the court verified that the defense attorney and defendant (1) were timely provided a copy of the report of the PSR, excluding only the final recommendation as to sentence, together with all addenda, and (2) had read and discussed the report. No other information was withheld.

      2.  The court afforded all counsel the opportunity to speak, to introduce testimony or other information relating to the report, and to comment on the probation officer's determination and on other matters relating to the appropriate sentence. The court addressed defendant personally and determined whether defendant wished to make a statement or present any information in mitigation of the sentence.

# RESOLUTION OF FACTUAL DISPUTES AND
# DISPUTES CONCERNING APPLICATION OF ADVISORY SENTENCING GUIDELINES

3. Neither the Government nor the defendant has challenged any aspect of the PSR. Therefore, the factual statements in the report are adopted without objection as the court's findings of fact concerning sentencing.

# GUIDELINE CALCULATIONS AND FINDINGS

4. Based upon all materials before the court, the court determines the appropriate guideline calculations to be as follows:

Count 3:

a. Base Offense Level . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

b. Adjustment for Property of a Financial Institution Being Taken . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . +2

c. Adjustment for Any Person Being Physically Restrained to Facilitate Commission of the Offense or to Facilitate Escape . +2

d. Adjustment for Loss of More Than $50,000 But Less Than $250,000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . +2

e. **Adjusted Offense Level** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

f. Adjustment for Acceptance of Responsibility . . . . . . . . . . . . . -3

g. **Total Offense Level** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

h. Criminal History Category . . . . . . . . . . . . . . . . . . . . . . . . . . . III

i. Imprisonment Range    Count 3:
fifty-seven months to seventy-one months

    Count 4:
No advisory guideline range

      j.    Supervised Release Range    <u>Counts 3 and 4</u>:
                                                      three years to five years

      k.    Fine Range                          <u>Counts 3 and 4</u>:
                                                    $10,000 to $100,000

## RESTITUTION AND FINE

5. Restitution in the amount of $83,524.00 is owed to Washington Mutual, Inc., as specified in the Recommendation section and Addendum to the PSR. The Mandatory Victim Restitution Act of 1996, 18 U.S.C.A. § 3663A (West 2006), applies here, and an order for full restitution is required. Accordingly, $83,524.00 in restitution will be ordered. The obligation shall be joint and several with similar obligations to pay restitution imposed on Dorian Whiteside, the co-defendant in this case.

6. The court finds that defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay the minimum fine specified by the applicable guideline. The court further finds that imposition of a fine would impair defendant's ability to make restitution. Therefore, no fine is imposed.

## STATEMENT OF REASONS FOR SENTENCE

7. The reasons for all components of the sentence, *see* 18 U.S.C.A. § 3553(c) (West 2006), were stated in open court. In determining each component of the particular sentence to be imposed, the court has considered the nature and circumstances of the offense and the history and characteristics of the defendant. The court has also considered the kinds of sentences available and the sentencing range established in the federal sentencing guidelines. Consideration of those guidelines also serves the purpose of avoiding unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Finally, the court has considered the need to provide restitution to victim(s) of the offense. In addition:

    a. The court finds (1) that a term of incarceration is appropriate and (2) that the length of incarceration imposed is sufficient, but not greater than necessary, to achieve the statutory purposes of such a sentence, including the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. The court recognizes "that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C.A. § 3582(West 2006).

b.  The court further finds (1) that a term of supervised release following imprisonment is appropriate and (2) that the length of the term and the conditions imposed are reasonably related to — and involve no greater deprivation of liberty than is reasonably necessary to achieve — the statutory purposes of this component of the sentence, including the need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed rehabilitation, professional supervision, educational or vocational training, medical care, or other correctional treatment in the most effective manner.

8.  The Government has moved for a downward departure, stating that defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed one or more offenses.  Considering the recitations in the Government's written motion, I find as follows:  (1) Defendant has provided assistance which the Government evaluates as sufficiently significant, useful, truthful, complete, and reliable to justify the requested departure.  Since this conviction resulted from a guilty plea, I have not had the opportunity to make a full, independent evaluation of these matters.  I therefore give substantial weight to the Government's evaluation.  (2) Defendant's assistance has been timely enough to permit the orderly scheduling of other matters in place of trial and other proceedings in this case and to avoid the expense and costs of a trial.  I therefore grant the Government's motion.

## IMPOSITION OF SENTENCE

9.  The sentence imposed is as follows:

a.  Defendant is committed to the custody of the United States Bureau of Prisons, to be imprisoned for a period of twenty-two months on Count 3 and eighty-four months, consecutive, on Count 4.  The court recommends that the Bureau of Prisons designate a facility in Colorado for service of sentence.

b.  Upon release from his term of imprisonment, defendant will serve a term of five years on supervised release on each count of conviction, concurrent.  Within seventy-two hours of his release from the custody of the Bureau of Prisons, defendant will report in person to the probation office in the district to which he is released.  Defendant will observe the "standard" conditions of supervised release heretofore adopted by this court, and the clerk shall specifically enumerate these conditions in the judgment prepared under rule 32(d) of the Federal Rules of Criminal Procedure.  Defendant will also observe the following special conditions:

     i.    He will not possess any firearm, destructive device, or any other dangerous weapon, as defined by federal or state statute.

     ii.    He will not illegally possess or use controlled substances.

     iii.    He will submit to one drug test within fifteen days of his release and two periodic drug tests thereafter, the exact timing of all such tests to be determined by the probation officer.

     iv.    He will not commit a federal, state, or local crime.

     v.    The defendant shall cooperate in the collection of DNA, as directed by the probation officer.

     vi.    He will make restitution according to the requirements imposed in paragraph 9.c in compliance with the schedule set forth there.

     vii.    Upon the court's finding, based on the recitations in the PSR, that defendant has a history of drug abuse, he will participate in a program for testing and treatment of drug abuse, as directed by the probation officer, until he is released from the program by the probation officer. While participating in this program, he will abstain from use of alcohol or other intoxicants. He will pay all costs associated with this program.

     viii.    He will participate in a program for testing and treatment of alcohol abuse, as directed by the probation officer, until he is released from the program by the probation officer. He will pay all costs associated with this program.

     ix.    Defendant will participate in a program for mental health evaluation and treatment, as directed by the probation officer, until he is released from that program by the probation officer. He will pay all costs of such treatment. The court authorizes the probation officer to release to the treatment agency all psychological reports and/or the PSR, for continuity of treatment.

     x.    He will not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with all periodic payment obligations imposed pursuant to the court's judgment and sentence.

     c. Defendant will pay a restitution in the amount of $83,524.00. In the interest of justice, the court orders that this obligation shall be fully satisfied *no later* than the date on which defendant's term of supervised release expires. Upon consideration of defendant's ability to pay, the court orders that restitution shall be due and payable during the period of incarceration, with any unpaid balance to be paid in either in a lump sum or in equal monthly installments during the period of supervised release, commencing thirty days after release from a term of imprisonment to a term of supervised release. Interest on the restitution obligation will be waived, upon the court's finding that defendant does not have the ability to pay interest. *See* 18 U.S.C.A. § 3612(f)(3)(A)) (West 2006).

     d. The defendant shall pay a special assessment of $200. 18 U.S.C.A. § 3013 (West 2006). This amount shall be payable immediately.

     e. Payments made pursuant to the court's judgment shall be applied in the following order: (i.) special assessment, (ii.) restitution principal.

## ACCEPTANCE OF PLEA AND PLEA AGREEMENT

10. The plea agreement in this case, entered into under the authority of Fed. R. Crim. P. 11(c)(1)(A) and (B) requires the Government to file a motion for downward departure pursuant to §5K1.1 of the Sentencing Guidelines and to request a 15% reduction to the defendant's Guideline term of imprisonment provided that it is calculated consistent with the bottom of the estimated range contained in the plea agreement, if the defendant provides substantial assistance as described in the plea agreement; to recommend that the defendant receive a three-level reduction to his offense level for acceptance of responsibility; to recommend that the defendant be sentenced at the bottom of the applicable guideline range pursuant to Fed.R.Crim.P. 11(c)(1)(B) provided that it is calculated consistent with the estimated range contained in this agreement and provided defendant has fully cooperated as stated in the plea agreement; to dismiss the remaining counts of the indictment against defendant Smith; and to file no other federal criminal charges against the defendant based on matters currently known to the U.S. Attorney's Office for the District of Colorado. I conclude that the charges of conviction adequately reflect the seriousness of defendant's actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing. I further conclude that the recommended sentence departs from the applicable guideline range for justifiable reasons. *See* U.S.S.G. § 6B1.2(a), (b)(Nov. 2007). Accordingly, the plea agreement is accepted.

## MISCELLANEOUS

11. Defendant has been advised of his right to appeal the sentence imposed. If he wishes to appeal, his trial counsel shall assist him in perfecting the appeal. If he cannot pay the

cost of an appeal, he may apply to the court for leave to appeal *in forma pauperis*. If defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of defendant.

12. This Memorandum of Sentencing Hearing and Report of Statement of Reasons is finalized and filed after oral imposition of sentence. It is intended to summarize and supplement the court's findings and conclusions delivered orally at the sentencing hearing. If any errors in the oral findings and conclusions were noted during the process of finalization, they have been corrected herein. Therefore, in the event of inconsistency between the oral findings and the contents of this memorandum, the contents of this memorandum are intended to control unless and until I expressly order otherwise.

13. Defendant was remanded to the custody of the United States Marshal for the District of Colorado.

14. The probation officer shall prepare the judgment required by rule 32(d) of the Federal Rules of Criminal Procedure, in accordance with this Memorandum of Sentencing Hearing and Report of Statement of Reasons. To comply with 18 U.S.C.A. § 3612(b)(1)(A) (West 2006), a separate section of the judgment styled "ADDENDUM TO JUDGMENT IN CRIMINAL CASE (CONFIDENTIAL INFORMATION CONCERNING DEFENDANT)" shall contain defendant's social security account number, mailing address, and residence address. The probation officer shall maintain this Addendum, and it shall not be filed with the clerk. Unless otherwise ordered, the Probation Department shall disclose the Addendum only to counsel of record and to any attorney for the Government engaged, pursuant to 18 U.S.C.A. § 3612(b)(1)(A), in collection of a monetary obligation imposed by the judgment. The judgment entered and filed by the clerk shall refer to the Addendum and shall recite that it contains defendant's social security number, date of birth, residence address, and mailing address and is withheld from the file pursuant to court order. The court finds that defendant has a privacy interest in keeping this information confidential, that public disclosure of this information may potentially harm defendant, that the public interest in this information is minuscule, and that the potential harm to defendant outweighs the public interest in disclosure.

15. The court concludes that this statement of reasons for imposing sentence in a criminal case is presumptively a matter of public interest and scrutiny. *See* S. Rep. No. 225, 98th Cong., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3263 (1983) ("The statement of reasons . . . informs defendant and the public of the reasons for the sentence. It provides information to criminal justice researchers.") No party has made a sufficient showing of "good cause," Fed R. Crim. P. 32(i)(4)(c), why it should **not** be a matter of public record. Therefore, to facilitate systematic documentation of any decision concerning departure, in compliance with 18 U.S.C.A. § 3553(c)(2) (West 2006), the probation officer shall attach a copy of this Memorandum of Sentencing Hearing and Report of Statement of Reasons to the judgment filed by the clerk. The Probation Department shall attach a copy of this Memorandum of Sentencing Hearing and Report

of Statement of Reasons to the PSR. The Probation Department shall also forward copies to the United States Sentencing Commission and the United States Bureau of Prisons.

Dated this 5th day of August, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge